# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| THOMAS WAYNE SMITH, | : | |
| Plaintiff, | : | |
| | : | NO. 5:11-CV-177-MTT-CHW |
| VS. | : | |
| Sheriff VAN PEAVY, et al., | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendants. | : | |

## ORDER & RECOMMENDATION

Plaintiff **THOMAS WAYNE SMITH**, a prisoner at the Muscogee County Detention Facility in Columbus, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. This Court previously granted Plaintiff's Motion to Proceed *in forma pauperis*, and Plaintiff has prepaid a portion of his filing fee as ordered by the Court. Plaintiff, however, is still obligated to pay the remainder of his filing fee, as is discussed later in this Order and Recommendation. The Clerk of Court is accordingly **DIRECTED** to send a copy of this Order and Recommendation to the business manager of Muscogee County Detention Facility.

Having now reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a), the Court finds that Plaintiff sufficiently states a non-frivolous claim against Defendant **Sergeant Mike Brogdon** based upon his alleged unconstitutional use of a chemical agent. This claim will thus be allowed to proceed beyond the frivolity review stage. It is **RECOMMENDED**, however, that all other Defendants be **DISMISSED** from this action under 28 U.S.C. §1915A(b)(1).

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be

liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. §1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in §1915A "shall" be dismissed on preliminary review).

## STATEMENT AND ANALYSIS OF CLAIMS

At the time of the event giving rise to the present action, Plaintiff **THOMAS WAYNE SMITH** was a prisoner at Dooly County Justice Center in Pinehurst, Georgia. According to the allegations in the Complaint, Plaintiff was present when Defendant Sergeant Brogdon pepper sprayed another prisoner inside his cell. After spraying the prisoner, Sergeant Brogdon allegedly pointed the can at Plaintiff and threatened to spray him as well. Plaintiff alleges that the fumes of the pepper spray made him choke, vomit, and gasp for air. Sergeant Brogdon then proceeded to lock Plaintiff and other prisoners in the gas-filled cell. The Complaint further alleges that "[b]efore leaving the area, [Sergeant Brogdon] slammed the door twice and stated, 'Yall Mutha Fuckers

3

breath[e] this.'" The prisoners, including Plaintiff, were allegedly left in the cell for as long as forty-five minutes before they were released. Plaintiff claims to have since suffered headaches and severe sinus problems as a result of the prolonged exposure to the pepper spray gas. Plaintiff filed a grievance after the incident; it was reviewed by Defendant Captain Turner and presumably denied.

Based upon these allegations, the Court finds that Plaintiff has sufficiently stated a claim against Defendant **Sergeant Brogdon** for use of excessive force in violation of the Eighth Amendment. "[I]t is a violation of the Eighth Amendment for prison officials to use . . . chemical agents . . . for the sole purpose of punishment or the infliction of pain." Ort v. White, 813 F.2d 318, 324 (11th Cir. 1987) (quoting Soto v. Dickey, 744 F.2d 1260, 1270 (7th Cir. 1984), cert. denied, 470 U.S. 1085, 105 S.Ct. 1846, 85 L.Ed.2d 144 (1985)); see also Thomas v. Bryant, 614 F.3d 1288, 1311 (11th Cir. 2010) (recognizing that the "prolonged exposure to pepper spray due to a failure to properly decontaminate an inmate may form the basis of an Eighth Amendment claim") (citing Danley v. Allen, 540 F.3d 1298, 1311 (11th Cir. 2008)).

Plaintiff's Complaint, however, contains no allegations against the other Defendants named in the caption of the Complaint: **Dooly County Commissioner**, **Sheriff Van Peavy**, **Captain Dominic Turner**, and the "**Second Shift Staff**." The United States Court of Appeals for the Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendants with the alleged constitutional violation. Douglas v. Yates**,** 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While

4

we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Moreover, it is well settled that wardens and other supervisory officials are not liable under Section 1983 for the unconstitutional acts of their subordinates merely because of their position or supervisory responsibilities. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). To state a viable claim against a supervisory official, a plaintiff must allege that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. See id. Plaintiff has clearly failed to link the supervisory officials named in the Complaint to the constitutional violation alleged here.[1]

It is, therefore, **RECOMMENDED** that Defendants **Dooly County Commissioner**, **Sheriff Van Peavy**, **Captain Dominic Turner**, and the "**Second Shift Staff**" be **DISMISSED** from this action. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this Order.

However, because the Court finds that Plaintiff states a plausible claim against Defendant

---

[1] Though Plaintiff does claim that Captain Turner reviewed his subsequent grievance, "merely 'filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied.'" Nichols v. Burnside, 2011 WL 2036709 *3 (M.D.Ga. April 21, 2011) (quoting Owens v. Leavins, 2006 WL 1313192, at *2 (N.D.Fla. May 12, 2006)). "Prison officials . . . whose only roles involved the denial of administrative grievances or the failure to act, are not liable under § 1983." O'Connor v. Carnahan, 2011 WL 1326446 *4 (N.D. Fla. April 6, 2011) (citing Grinter v. Knight, 532 F.3d 567 (6th Cir. 2008); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999), cert. denied 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000)).

5

**Sergeant Brogdon**, this action will be allowed to go forward but only against this Defendant. It is thus **ORDERED** that service be made against **Defendant Sergeant Brogdon**, and that he file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is further reminded of his duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is likewise advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served

electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendant from whom discovery is sought. Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought Defendant and granted by the Court. The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following

limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

The Clerk of Court shall send a copy of this Order and Recommendation to the business manager of the **Muscogee County Detention Facility**, as it is hereby **ORDERED AND DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue

until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 14th day of July, 2011.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge

jlr