IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| THOMAS WAYNE SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:11-CV-177 (MTT) |
| | : | |
| MIKE BROGDON, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Defendant Mike Brogdon's Motion for Summary Judgment. Doc. 26. Because Plaintiff Thomas Wayne Smith has failed to demonstrate a genuine issue of material fact regarding Defendant's alleged use of excessive force and because Defendant has shown that he is entitled to judgment as a matter of law, it is hereby **RECOMMENDED** that Defendant's Motion for Summary Judgment be **GRANTED**.

PROCEDURAL HISTORY

On May 9, 2011, Plaintiff Thomas Wayne Smith filed his Complaint pursuant to 42 U.S.C. § 1983, alleging that various officers violated his constitutional rights while he was incarcerated at the Dooly County Jail. Doc. 1. Specifically, Plaintiff alleged that officers left Plaintiff locked in a cell following an altercation in which another inmate was pepper-sprayed, forcing Plaintiff to breathe the chemicals. Id. Following a frivolity review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff's excessive force claim was allowed to proceed against Defendant Brogden. Doc. 11. At the close of discovery, no dispositive motions were filed. As such, a pretrial conference was set for July 12, 2012. Doc. 24. On June 17, 2012, Defendant filed a motion for an extension of time to file his motion for summary judgment,

1

which was granted. Doc. 25. Defendant then filed the instant Motion for Summary Judgment on June 22, 2012. Doc. 26.

## FACTUAL BACKGROUND

Viewed in the light most favorable to Plaintiff, the facts of the case are as follows: On April 11, 2011, a violent incident occurred in Pod-E of the Dooly County Jail (DCJ). Brogden Aff. (Doc. 26 at 22). After Defendant responded to the incident, an inmate charged toward Defendant and refused to stop when Defendant told him to do so. Id. To protect himself and others, Defendant pepper-sprayed the attacking inmate. Id. As Defendant was subduing the inmate, Plaintiff made aggressive movements toward Defendant. Id. Defendant then turned the pepper spray can toward Plaintiff and threatened to spray Plaintiff if he did not calm down. Id.; Compl. (Doc. 1). Plaintiff complied, and Defendant did not spray Plaintiff. Id. The inmate who was sprayed was then handcuffed and taken to an outside area for decontamination. Brogden Aff. (Doc. 26 at 22).

After the inmate was removed from the cell, Plaintiff and other inmates were left in the cell and the cell was locked. Id.; Compl. (Doc. 1). Plaintiff alleges that, prior to leaving the area, Defendant stated, "y'all muthafuckers breathe this." Compl. (Doc. 1). Despite Defendant's threat, the exhaust fans were immediately turned on to remove any remaining residual pepper spray from Pod-E. Brogden Aff. (Doc. 26 at 23). Plaintiff and other inmates were then left in the cell for twenty to forty-five minutes before they were allowed out of the cell to clean up. Compl. (Doc. 1). Plaintiff contends that the pepper spray caused him to choke and gasp for air and that he has suffered headaches and sinus problems as a result of his exposure to the chemicals. Id. Plaintiff never requested medical treatment or complained of his alleged injuries to the medical staff while he was at the DCP. Futch Aff. (Doc. 26 at 26).

LEGAL STANDARD

In accordance with Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). If the moving party meets this burden, the burden shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the moving party is not entitled to judgment as a matter of law." Id. at 324-26. If the evidence presented by the non-movant is "not significantly probative" or is "merely colorable," then summary judgment must be granted. Anderson, 477 U.S. at 249. In fact, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

DISCUSSION

Plaintiff contends that Defendant violated Plaintiff's constitutional rights by using the pepper spray and locking Plaintiff in the cell for over twenty minutes, causing Plaintiff to breathe the chemicals. Because it relates to a single incident, Plaintiff's claim must be reviewed as a

claim regarding the use of excessive force rather than a claim regarding conditions of confinement.

Plaintiff has failed to establish that Defendant used excessive force during the incident at the DCJ. The use of force against an inmate is governed by the Eighth Amendment prohibition of cruel and unusual punishment.[1] To establish a claim of excessive force under the Eighth Amendment, an inmate must present evidence to show that the force was applied "maliciously and sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320-21 (1986). Prison officers are given a wide range of deference acting to preserve discipline and security, and the use of force against an inmate while trying to secure him or prevent harm to others "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." Campbell, 169 F.3d at 1372.

Courts evaluating claims of excessive force consider five factors "relevant to ascertaining whether force was used 'maliciously and sadistically for the very purpose of causing harm.'" Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quoting Whitley, 475 U.S. at 321). These five factors are:

   (1) the extent of the injury;

   (2) the need for application of force;

   (3) the relationship between that need and the amount of force used;

   (4) any efforts made to temper the severity of a forceful response; and

---

[1] It appears that Plaintiff was a convicted prisoner rather than a pre-trial detainee while incarcerated at the DCJ. Because "a claim of excessive force under the Fourteenth Amendment is analyzed as if it were an excessive-force claim under the Eighth Amendment," Fennell v Gilstrap, 559 F.3d 1212, 1216 n. 5 (11th Cir. 2009) (citing Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005)), Plaintiff's claims are analyzed under the Eighth Amendment.

(5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.

Id.

Using these factors, the evidence in the record indicates that Defendant's actions were a good faith attempt to restore discipline rather than a malicious attempt to cause Plaintiff harm. It is undisputed that there was an incident in Plaintiff's cell that required Defendant to pepper-spray Plaintiff's cellmate. It is also undisputed that Defendant did not pepper-spray Plaintiff after Plaintiff complied with Defendant's orders. Following Defendant's use of the pepper spray, Defendant immediately turned on the exhaust fans to remove any residual chemicals in order to alleviate any potential harm to the other inmates in the area, including Plaintiff. Moreover, Plaintiff has failed to present any evidence to support his allegations that he was injured as a result of Defendants actions, and Plaintiff never sought medical treatment at the DCJ for his alleged injuries.

The only evidence supporting a finding that Defendant acted with malice or ill will toward Plaintiff is Plaintiff's unsupported allegation that Defendant told Plaintiff to "breathe this." Even if Plaintiff made such a threat, it is undisputed that the exhaust fans were immediately used to remove any residual pepper spray in the cell. As such, Defendant's words were merely threats that were not acted upon.

Defendant has also asserted that he is entitled to qualified immunity against Plaintiff's claim. Qualified immunity protects government officials from civil liability when their conduct in performing discretionary functions "violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Lassiter v. Alabama A & M University, 28 F.3d 1146, 1149 (11th Cir. 1994) (internal quotations omitted). To determine if a defendant was performing a discretionary function, the court must look to whether the government

employee was preforming a job related function through means that were within his power. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004).

As an officer at the DCJ, Defendant was performing a discretionary function when he responded to the incident occurring in Plaintiff's cell. A prison employee acting within the scope of his discretionary authority is entitled to qualified immunity "unless the plaintiff can demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that the illegality of the officer's actions was 'clearly established' at the time of the incident." Oliver v. Fiorino, 586 F.3d 898, 905 (11th Cir. 2009). Courts need not consider the two prongs of the analysis in sequence, and a failure to establish either prong requires the claim to be dismissed. Id.

Leaving aside the question of whether the allegations in Plaintiff's Complaint amount to a constitutional violation, Defendant is entitled to qualified immunity because the facts alleged do not show that Defendant violated a clearly established constitutional right. It is clearly established in the Eleventh Circuit that it is unconstitutional for prison officials to use chemical agents for the sole purpose of punishment or the infliction of pain. See Ort v. White, 813 F.2d 318, 324 (11th Cir. 1987). It is also established that the "prolonged exposure to pepper spray due to failure to properly decontaminate an inmate may form the basis of an Eighth Amendment claim." See Thomas v. Bryant, 614 F.3d 1288, 1311 (11th Cir. 2010) (discussing incidents where the inmate who was pepper-sprayed was not taken away for decontamination). It is not established, however, that the use of an exhaust fan to remove any residual pepper spray in a cell to protect non-targeted inmates unlawfully subjects those inmates to dangerous chemicals. As such, Defendant is entitled to qualified immunity from Plaintiff's claims.

## **CONCLUSION**

Because the evidence in the record of this case is insufficient to permit a finding that Defendant was deliberately indifferent to Plaintiff's serious medical needs and that Defendant retaliated against Plaintiff, it is hereby **RECOMMENDED** that Defendant's Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom the case is assigned **WITIHIN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 23rd day of January, 2013.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge